GRAUPNER et al. v. BLAIR, Com'r of Internal Revenue, et al.

District Court, M. D. Pennsylvania. January 24, 1928.

No. 553.

Intoxicating liquors ⟨═⟩108(5)—Evidence held not to establish want of good faith, which warranted revocation of permit (National Prohibition Act [27 USCA]).

That holders of a permit to manufacture cereal beverages, who had expended large sums to establish their business thereunder, and in all other respects had obeyed the law, through error of judgment set apart certain cases of beer, the alcoholic content of which had not yet been reduced below one-half of 1 per cent., and permitted their employees to drink therefrom, *held* not sufficient to establish want of good faith in observance of the law, which warranted revocation of their permit under National Prohibition Act (27 USCA).

In Equity. Bill by William R. Graupner and Fred W. Graupner, executors of the will of Mary L. Graupner, against David H. Blair, Commissioner of Internal Revenue, and others, to review a decision revoking permit. Reversed.

Beidleman & Hull and Thomas D. Caldwell, all of Harrisburg, Pa., for complainants.

Warren C. Graham, of Philadelphia, Pa., for defendants.

JOHNSON, District Judge. This is a bill in equity for the review of the decision of the Commissioner of Internal Revenue, revoking the permit issued to complainants to manufacture cereal beverages. From the pleadings in this case and from the evidence taken for the Commissioner of Internal Revenue, on which his decision was based, which is used by the parties in this review, the court finds the following facts:

1. On or about the 1st day of June, 1926, complainants were granted, under the authority of the National Prohibition Act (27 USCA), by the Commissioner of Internal Revenue, the permit to manufacture cereal beverages. Under the regulations of the United States Treasury Department promulgated under the National Prohibition Act,

the term of said permit was during the year 1926, until action would be taken upon any application duly filed for a renewal thereof for the year 1927.

2. Complainants aver that under the authority vested in them by the permit so granted they have expended large sums of money in the conduct of their business, and in the proper maintenance of suitable places and appliances for the conduct of said business.

3. On the 6th day of October, 1926, there was issued by R. E. Joyce, acting federal prohibition administrator for the Western district of Pennsylvania, a citation under the authority of the National Prohibition Act, directed to the complainants, to appear before a representative of the administrator in the federal courtroom, Harrisburg, Pa., on the 5th day of November, 1926, to show cause why the aforesaid permit should not be revoked and canceled, on the ground that the complainants were not in good faith conforming to the terms of said permit, the provisions of the National Prohibition Act, and the regulations promulgated thereunder.

4. In compliance with the aforesaid citation, the complainants appeared at a hearing before Lester Griffith, Esq., acting as agent of the Commissioner of Internal Revenue, under the authority of the National Prohibition Act, at which hearing testimony was taken on behalf of the government and on behalf of the complainants.

5. On or about the 29th day of November, 1926, John D. Pennington, prohibition administrator of the Western district of Pennsylvania, issued an order revoking the said permit.

6. A rehearing was held at Philadelphia, Pa., on July 15, 1927, before Warren G. Graham, a reviewer designated by Samuel O. Wynne, federal prohibition administrator, and on the 17th day of October, 1927, the reviewer refused to reinstate the permit, and this decision was approved by Administrator Wynne.

7. On September 10, 1926, 24 one-half barrels, containing more than one-half of 1 per cent. alcohol by volume, were found in the washroom of the complainant's brewery, located in Harrisburg, Dauphin county, Pa.

8. This was sour beer taken from the vats in the brewery, not for the purpose of sale or disposal outside of the brewery.

9. The employees in the brewery of complainants were in the habit of tapping the vats and drinking the beer before the alcoholic content was reduced, and one of the complainants directed the brewmaster to fill 5 or 6 one-half barrels from the sour or stale beer from the vats, which the employees might drink in order to prevent the tapping of the vats and the consequent waste, and in pursuance of this direction the brewmaster filled 24 one-half barrels, instead of 5 or 6, for this purpose.

10. The complainants had conducted their brewery for a period of 32 years lawfully, and the possession of the 24 one-half barrels of beer was not for the purpose of violation of the law, and was not an act of bad faith, but an innocent mistake and error of judgment.

From the foregoing findings of fact, the court arrives at the following conclusions:

1. The complainants had at all times acted in good faith, and the possession of the beer was an innocent mistake and error of judgment.

2. The mere possession of the 24 one-half barrels of beer, under all the circumstances in this case, is not sufficient to warrant the revocation of the complainant's permit.

3. The decision of the Commissioner of Internal Revenue should be reversed and the said permit be restored.

### Discussion.

The court is of the opinion that the revocation of the complainant's permit, under the circumstances in this case, is too severe a punishment. The complainants otherwise have always obeyed the law and have at all times acted in good faith.

In Hoell v. Mellon et al. (D. C.) 4 F.(2d) 859, on page 862, Inch, District Judge, said: "The power to take away a man's business under a permit exists, but it is common sense that the 'good faith' referred to must be absent in some act of the permittee, so that such act, viewed in the light of the surrounding circumstances, raises the fair inference of lack of good faith."

In McGill v. Mellon et al. (D. C.) 5 F. (2d) 262, on page 265, Anderson, Circuit Judge, said: "At most, the evidence might warrant a finding that some employee of the plaintiffs failed to comply with the regulations for removing the labels on two barrels, which had contained denatured alcohol, bought and used by plaintiffs in their perfumery business. The plaintiffs testify that their instructions and general practice were to have the marks and serial numbers obliterated as soon as the barrels were emptied. The barrels in question, after being emptied, were sold to a local dealer. Perhaps there was failure on the part of some employee of the plaintiffs to conform to their instructions in

that regard. Such failure (if it occurred), not in bad faith, is, as matter of law, no adequate basis for the revocation of a permit."

In Thorpe on Prohibition and Industrial Liquor, on page 288, § 484, it is stated: "The permit of one who has acted in good faith, though erroneously, and failed to conform to the provisions of this act, is not subject to revocation."

And now, January 24, 1928, the findings of the Commissioner of Internal Revenue are reversed, his order revoking the said permit is set aside, and the permit is directed to be restored to the complainants. Counsel for complainants are given leave to draft a formal decree for submission to the court in compliance with the opinion contained herein.